IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DERRICK PERRY, individually and on
behalf of other similarly situated persons,**

    **Plaintiff,**

**v.**

**NATIONAL CITY MORTGAGE, INC.,**

    **Defendant.**                                **Case No. 05-cv-891-DRH**

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

Before the Court is defendant National City Mortgage, Inc.'s ("Defendant" or "National City") Motion to Dismiss for Improper Venue (Doc. 7), filed pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3)**. Defendant asserts that a forum selection clause, provided in an agreement signed by plaintiff Derrick Perry ("Plaintiff") at the onset of his employment, operates to require this action be litigated in a court encompassing Montgomery County, Ohio (Doc. 7). For the reasons stated herein, Defendant's Motion is denied.

### II. FACTUAL BACKGROUND

Briefly recounting the facts as provided by the parties, Plaintiff was employed by Defendant as a Loan Originator, or Loan Officer, from approximately September, 2004 until December, 2005, at Defendant's Swansea and Shiloh, Illinois

locations (Doc. 1, ¶ 3; Doc. 8, ¶ 2). Plaintiff brought this suit (Doc. 1) pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, **29 U.S.C. § 201 *et seq.*** (Doc. 1, ¶ 1), for Defendant's failure to compensate Plaintiff for any of the substantial overtime hours worked by Plaintiff and other similarly situated employees. Plaintiff bases his claim upon the theory that Section 13 of the FLSA, **29 U.S.C. § 213**, does not apply to exempt loan originators from overtime pay obligations, as set forth under Section 7(a)(1) of the FLSA (Doc. 1, ¶ 22).

In lieu of an Answer, Defendant has filed the instant motion, hinging its alleged entitlement to a dismissal on a forum selection clause found within an agreement signed by Plaintiff as part of his initial hiring. Apparently, the facts involve two agreements entered into between Plaintiff and Defendant. The first, signed September 1, 2004, by the parties, is entitled, "Loan Officer Compensation Agreement" ("Compensation Agreement") (Doc. 8, Ex. 1). The second was signed by the parties on September 2, 2004, and is entitled, "Non-Disclosure/Non-Solicitation/Non-Hire Agreement" ("Non-Disclosure Agreement")(Doc. 8, Ex. 2).

The Compensation Agreement is comprised of ten sections as follows: (I) Definitions; (II) Job Description; (III) Commission & Related Compensation; (IV) Pay Schedule; (V) Payment of Commission Upon Termination of Employment; (VI) Acknowledgment of Regulations; (VII) Proprietary and Confidential Information; (VIII) Regulated Activity; (IX) Internet Policy; and (X) Miscellaneous Information. Defendant believes the Compensation Agreement appears is relevant to Plaintiff's

suit, and thus, germane to the instant Motion because Plaintiff is "challenging the terms of his Compensation Agreement . . ." (Doc. 13, p. 4).

The Non-Disclosure Agreement contains the following sections (1) Employment and Duties; (2) Compensation and Benefits; (3) Covenant of Non-Disclosure; (4) Agreement Not to Solicit; (5) Duration and Termination; (6) Taxes; (7) Successors and Assigns; (8) Governing Law, Jurisdiction, and Expenses;(9) Notices; (10) New Agreement; and (11) Effective Date.  Section 8(a) of the Non-Disclosure Agreement contains the contested forum selection clause, which reads:

> This Agreement shall be governed by and construed in accordance with the laws of the State of Ohio.  Employee agrees to submit to, and confer exclusive jurisdiction on the United States District Court or the State Court which has original jurisdiction in Montgomery County, Ohio.

(Doc. 8, Ex. 2).

"This Agreement" is defined at the beginning of the document as the "Non-Disclosure/Non-Solicitation/Non-Hire Agreement." Defendant argues that this forum selection clause encompasses Plaintiff's claim and therefore should apply to require Plaintiff bring suit in Montgomery County, Ohio (Doc. 7).  Specifically, Defendant reaches this conclusion via its assertion that the Compensation Agreement and the Non-Disclosure Agreement should be construed as a single contract regarding Plaintiff's employment.

Plaintiff opposes Defendant's Motion to Dismiss (Doc. 12), arguing first that the forum selection clause of the Non-Disclosure Agreement does not pertain to his FLSA claim.  Further, Plaintiff contends that the two Agreements should be

construed as separate Agreements and therefore, the forum selection clause should only pertain to enforcing the Non-Disclosure Agreement, which is outside the scope of Plaintiff's FLSA claim.[1]

### III. ANALYSIS

#### A.   LEGAL STANDARD

"A challenge to venue based upon a forum selection clause can appropriately be brought as a motion to dismiss the complaint under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3)**." ***Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 760 (7th Cir. 2006)**.

#### B.   CONTEMPORANEOUS CONTRACTS

Defendant argues that the two Agreements should be read as a single contract regarding Plaintiff's employment; hence, Defendant's nomenclature of the Compensation Agreement as the "Employment Agreement" (*see* Doc. 8). Most likely, Defendant makes this argument because only the Non-Disclosure Agreement contains the forum selection clause. Defendant cites to controlling law holding that contemporaneous documents or contracts entered into at the same time and covering the same general subject matter should be construed as a single contract (*Id.*, citing **Lippo v. Mobil Oil Corp., 776 F.2d 706, 713 n.13 (7th Cir. 1985); Bland v. Fiatallis North America, Inc., 401 F.3d 779, 783 (7th Cir. 2005);**

---

[1] The Court observes that while the Non-Disclosure Agreement does contain a section labeled "Compensation and Benefits," this only states that Defendant shall compensate Plaintiff for his employment and also discusses payment and pay-back details of a $5,000.00 Loan made by Defendant to Plaintiff.

***Maier v. Continental Oil Co.*, 120 F.2d 237, 240 (7th Cir. 1941); *Mantua Mfg. Co. v. Commerce Exchange Bank*, 661 N.E.2d 161, 165 (Ohio 1996)**).

Plaintiff, naturally, opposes Defendant's argument, asserting that this contemporaneous contracts rule of construction is only applied when necessary to resolve certain contractual ambiguities (Doc. 12, p. 8).  Also noted by Plaintiff is that the "'reading together' rule applies *only* 'in the absence of anything to indicate a contrary intention . . .'" (*Id.*, distinguishing **Maier, 120 F.2d at 240**, cited by Defendant)(emphasis in Plaintiff's Response).  Regardless of how the Court construes the two Agreements, however, Plaintiff ultimately argues that the forum selection clause should not apply to this case because Plaintiff is not seeking to enforce either Agreement (*Id.* at 9).

The two Agreements are obviously related, as they are both contracts between the same parties and both involve certain aspects of Plaintiff's employment with Defendant.  Yet, this is not enough to construe them as a single contract, as such a cursory determination would not provide for an initial plain text interpretation. The two Agreements *do* overlap on certain aspects: the Compensation Agreement goes into detail about Plaintiff's compensation, whereas the Non-Disclosure Agreement briefly mentions that he will be compensated by Defendant for his employment, and the Compensation Agreement briefly mentions Plaintiff's obligation to not solicit for six months after termination or disclose confidential/proprietary information, whereas the Non-Disclosure Agreement goes

into greater detail on these subjects.  However, while they are somewhat similar in nature, neither of the Agreements incorporates the other by reference, let alone references the other *at all*.  In fact, each of the two Agreement contains a superceding clause, stating that the instant Agreement supercedes all prior and contemporaneous agreements, statements or understandings (*see* Doc. 8, Ex. 1, p. 7 and Ex. 2, p. 5).

First, the Court does not find any ambiguity in either of the two Agreements that would warrant construing them as a single contract in order to clarify the observed ambiguity.  Rather, the plain language of the forum selection clause found in the Non-Disclosure Agreement is clear that it applies to "this Agreement," which was defined at the beginning of the document as the "Non-Disclosure/Non-Solicitation/Non-Hire Agreement," and does not refer to, or make itself contingent upon, any outside documents.  Secondly, the Agreements were not executed at the same time.  Granted, they were only signed a day apart from each other, however, this is contrary to the cases Defendant cites for the construction of multiple documents as a single contract, which require such documents to be entered into at the same time in the course of the same transaction.

While Defendant could argue that the two Agreements, even though not signed at the same time, are plausibly part of the same transaction – the inception of Plaintiff's employment – the Court does not find any references that either Agreement would be incomplete without the other.  Instead, each Agreement seems as a complete, independent contract.  Thus, the Court is able to distinguish this situation from other cases which have construed multiple documents as a single

contract. *See, e.g., Lippo*, 776 F.2d at 713, n.13 (five separate documents executed at the same time by the same parties construed as a single franchise agreement); *Maier*, 120 F.2d at 240 (construing "instruments executed at the same time, by the same parties, for the same purpose and in the course of the same transaction" as a single contract "in the absence of anything to indicate a contrary intention"); *Center Ridge Ganley, Inc. v. Stinn*, 511 N.E.2d 106, 109 (Ohio 1987) (construing multiple documents as part of single real estate contract, finding that they concern the same transaction, but largely because one document "was not altogether complete on its face, but rather its very terms indicated that it was part of a larger transaction");[2] *Brown v. Madison*, 745 N.E.2d 1141, 1143 (Ohio Ct. App. 2000)(if the meaning of the contract language is unambiguous, courts cannot resort to the rules of construction, but must enforce the contract as written); *TRINOVA Corp. v. Pilkington Bros., P.L.C.*, 638 N.E.2d 572, 576 (Ohio 1994)("The doctrine of integration is meant to supply missing meaning in order to effectuate the full intent of the parties. It is not meant to allow distinct contracts to be used to contradict unambiguous language.").

       Defendant cites to a district court case in support of its assertion that two instruments executed at different times for the same purpose and pertaining to

---

[2] The Court includes Ohio state law as each of the Agreements contain provisions that they are to be governed under the laws of the State of Ohio.

the same transaction should be construed as a single contract (Doc. 13, pp. 3-4, citing **Whitehead v. Telesphere Int'l, Inc.**, **611 F. Supp. 961, 965 (N.D. Ill. 1985)**). **Whitehead** is also factually distinguishable from the instant matter. Although **Whitehead** also involved multiple documents pertaining to the plaintiff's employment with defendant, the district court found the two agreements were properly construed as a single contract because the first made explicit reference to "other 'forms' and 'information' that [plaintiff] would be required to complete as part of his employment contract." **Id. at 963**. As such, under Texas law, the Illinois district court found that the agreements could be integrated into a single employment contract. **Id. at 965 (multiple documents can be construed as a single contract "especially . . . where the prior and subsequent instruments are connected by reference")(citations omitted)**.

In this case, as previously mentioned, there is no reference to any outside documents in either Agreement which could allow the Court to apply such integration. This is further supported by a well-known principle of contract law that a contract must be construed against its drafter. **See, e.g., Liautaud v. Liautaud, 221 F.3d 981, 986 (7th Cir. 2000)(applying Illinois contract law); Carney v. Paul Revere Life Ins. Co., 832 N.E.2d 257, 261 (Ill. App. Ct. 2005); Crane Hollow, Inc. v. Marathon Ashland Pipe Line, LLC, 740 N.E.2d 328, 339 (Ohio Ct. App. 2000)**. In sum, the Court finds that the two Agreements cannot be construed as a single contract.

**C. APPLICABILITY OF THE FORUM SELECTION CLAUSE**

Even assuming, *arguendo*, that the two Agreements could be construed as a single contract, the Court also finds that the forum selection clause would not apply to Plaintiff's FLSA claim. Plaintiff is not attempting to enforce any of the terms of either his Compensation Agreement or the Non-Disclosure Agreement. Plaintiff is attempting to show that under the FLSA, as a Loan Officer/Originator, he and other similarly situated employees of Defendant should be properly classified as "Non-Exempt" employees, entitled to overtime pay. While the scope of Plaintiff's duties as an employee of Defendant and details as to how he was to be compensated certainly appear germane to the case, it is outside the scope of Plaintiff's actual claim.

While he does not expressly contest the validity of the forum selection clause, Plaintiff is not filing suit based on either Agreement. Further, the forum selection clause is clear that it applies to "this Agreement." Whether the clause applies to either the Non-Disclosure Agreement only or both Agreements (had the Court found they could be construed as a single contract), the Court is not convinced its scope goes beyond the terms of the Agreement itself. ***See, e.g., Saunders v. Ace Mortgage Funding, Inc.*, No. 05-1437, 2005 WL 3054594 (D. Minn. Nov. 14, 2005)(finding that the Defendant's forum selection clause did not apply to Plaintiffs FLSA claim as the clause referenced it applied to "this Contract," thereby limiting its applicability to breach of contract actions brought by**

**Defendant against its employees)**.

The Court notes that in this case, the forum selection clause reads, "This Agreement shall be governed by . . . the laws of the State of Ohio. Employee agrees to submit to, and confer exclusive jurisdiction on . . . Montgomery County, Ohio" (Doc. 8, Ex. 2, p. 4). While the second sentence of the clause does not expressly limit itself to breach of contract actions, it is qualified by the preceding sentence which references "this Agreement." If this appears somewhat ambiguous, as stated in the previous section, ambiguities must be construed against the drafter. Therefore, if the drafter so intended the forum selection clause to apply to more than just actions involving the Agreement itself, Defendant could have included language stating, "Employee agrees to submit to the exclusive jurisdiction of the State of Ohio for any and all claims regarding this Agreement or his employment in general," in order to for it to apply to the instant suit. However, Defendant did not phrase the forum selection clause in this manner. For these reasons, the Court finds that the forum selection clause is also not applicable to Plaintiff's FLSA claim (Doc. 1).

## IV. **CONCLUSION**

For the reasons stated herein, the Court finds that the two Agreements cannot be construed as a single contract. Further, the forum selection clause at issue is not applicable to Plaintiff's FLSA claim. Thus, Defendant's Rule 12(b)(3) Motion to Dismiss for Improper Venue (Doc. 7) is hereby **DENIED**.

**IT IS SO ORDERED.**

Signed this 15th day of August, 2006.

/s/        David  RHerndon
**United States District Judge**