IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DERRICK PERRY, individually and on
behalf of other similarly situated persons,**

    **Plaintiff,**

**v.**

**NATIONAL CITY MORTGAGE, INC.,**

    **Defendant.**                      Case No. 05-cv-891-DRH

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION & BACKGROUND

Plaintiff Derrick Perry has filed a Motion for Conditional Collective Action Certification Pursuant to **29 U.S.C. § 216(b)** and Court Authorized Notice (Doc. 31), with incorporated supporting memorandum. Defendant National City Mortgage, Inc., has timely opposed (Doc. 42), to which Plaintiff has replied (Doc. 43). Based on the following, the Court grants Plaintiff's Motion.

Plaintiff was employed by Defendant as a Loan Originator, or Loan Officer, from approximately September, 2004 until December, 2005, at Defendant's Swansea and Shiloh, Illinois locations (Doc. 1, ¶ 3; Doc. 8, ¶ 2). Plaintiff has filed suit[1] (Doc. 45) on behalf of himself and others similarly situated, pursuant to the

---

[1] This is now an Amended Complaint to properly identify the corporate names of the various employers of Plaintiff and the other opt-in Plaintiffs of the proposed collective action.

Fair Labor Standards Act of 1938 ("FLSA"), as amended, **29 U.S.C. § 201 *et seq*.** (Doc. 1, ¶ 1), for Defendant's failure to compensate for any of the substantial overtime hours worked by Plaintiff and other similarly situated employees. Plaintiff bases his claim upon the theory that Section 13 of the FLSA, **29 U.S.C. § 213**, does not apply to exempt loan originators from overtime pay obligations, as set forth under Section 7(a)(1) of the FLSA (Doc. 1, ¶ 22).

Plaintiff proposes notice to the class in accordance with the sample formats recommended by the Federal Judicial Center (Doc. 31, p. 10). Further, Plaintiff seeks collective action conditional certification for the following class of similarly situated persons:

> All current and former retail Loan Originators employed by National City or any of its related entities within the previous three years. Specifically excluded from the class are: (1) wholesale loan originators; and (2) "inside" loan originators employed in call centers who were properly characterized as "nonexempt."

(*Id*. at 5).

## II. LEGAL STANDARD

The FLSA allows an employee (or former employee) to bring an action against his or her employer on behalf of the employee and other employees similarly situated. **29 U.S.C. § 216(b)**. A collective action under the FLSA preempts and also differs significantly from the class action procedure under **FEDERAL RULE OF CIVIL PROCEDURE 23** in that a similarly situated employee does not become a plaintiff in a case proceeding under **§ 216(b)** (and thus is not bound by a subsequent judgment)

"unless he gives his consent in writing to become such a party" and files a consent in the court where the action is pending. **29 U.S.C. § 216(b); *see King v. General Electric Co.* 960 F.2d 617, 621 (7th Cir. 1992)(citation omitted)**. In other words, a collective action under the FLSA requires a more proactive approach: putative class members must "opt in" to participate, whereas putative class members in a proceeding under **Rule 23** remain class members unless they "opt-out." The Supreme Court has found that the FLSA allows district courts discretionary authority to "facilitat[e] notice to potential plaintiffs" in a collective action. ***Hoffman-La Roche, Inc., v. Sperling*, 493 U.S. 165, 170, 110 S. Ct. 482, 486 (1989)**.

An *ad hoc* two-step process is commonly applied by district courts in determining whether to conditionally certify a collective action under the FLSA. **See *Mielke v. Laidlaw Transit, Inc.*, 313 F. Supp. 2d 759, 762 (N.D. Ill. 2004)(Castillo, J.)(collecting cases); *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003)(Norgle, J.)**. **See also *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001); *Austin v. CUNA Mut. Ins. Soc.*, 232 F.R.D. 601, 605 (W.D. Wis. 2006)(Crabb, J.)**.[2] The first step, or "notice" step, requires the Court determine whether potential class members are "similarly situated" and should be given notice and the opportunity to opt-in.

---

[2] This Court has also previously applied the *ad hoc* two-step process. **See *Rollinson v. CC Serv., Inc.*, Case No. 05-cv-4193, 2006 WL 1596824 (S.D. Ill. June 6, 2006)(Herndon, J.)**.

*Mielke*, 313 F. Supp. 2d at 762. This determination should not involve adjudication of the merits of the claims, but instead, allows for a more "lenient" analysis of whether potential class members are "similarly situated." *Id.* As the Seventh Circuit has yet to set forth the analytical parameters to determine whether a person is "similarly situated," other courts have adopted the "modest factual showing" standard, which requires the moving plaintiff "to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Flores*, 289 F. Supp. 2d at 1045; *see also Gambo v. Lucent Technologies, Inc.*, Case No. 05-c-3701, 2005 WL 3542485 at *4 (N.D. Ill. Dec. 22, 2005)(Filip, J.). Thus, a Court may conditionally certify a collective action class. After discovery has ensued, a more stringent, factual determination regarding members of the class are "similarly situated" can be made upon a party's motion to "decertify" the class. *Milke*, 313 F. Supp. 2d at 762 (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir.1995)).

### III. ANALYSIS

A.   **Conditional Certification**

Plaintiff's claim is that Defendant violated the FLSA by failing to compensate for overtime hours worked, by way of incorrectly classifying Plaintiff and other Loan Originators as "exempt employees." Plaintiff believes that "others similarly situated" should include current and former Loan Originators employee by Defendant or its related entities within the last three years, excluding Wholesale and

Inside Loan Originators.  Earlier in this case, the Magistrate Judge issued an Order allowing for "[d]iscovery relating to conditional certification" (Doc. 25).  Through discovery requests, Defendant produced a computer-generated list of approximately 5,500 Loan Originators within the past three years; Plaintiff believes all on this list should be conditionally classified as "similarly situated" for the purposes of receiving notice of this collective action (Doc. 31, p. 4).  Bolstering this belief is Plaintiff's assertion that all 5,500 Loan Originators (currently or formerly) employed by Defendant have the same job description, including the same "basic mission," "nature and scope," and "principle accountabilities" (Doc. 31, p. 4, citing Exs. F, G & H - job descriptions for Derrick Perry, Tammy Kerr and Larry Hendricks).  Further, Plaintiff states that the computer-generated list produced by Defendant shows that all 5,500 Loan Originators were characterized as "exempt" under the FLSA under a single company policy (*Id.*).  Lastly, Defendant's Loan Originators were expected to work at least forty hours per week and were not compensated for any time worked in excess of forty hours (*Id.* at 4-5).

Opposing Plaintiff's assertions, Defendant argues that its Loan Originators are not "similarly situated" and therefore allowing conditional certification of the 5,500 on the list would result in a class that was overbroad[3] (Doc.

---

[3] Defendant also opposes Plaintiff's suggestion of using the *ad hoc* 2-step certification process, arguing that because there has been "significant discovery," the Court should apply a stricter rather than lenient standard (*Id.* at 9-10).  However, as Plaintiff points out in its Reply, Defendant previously advocated that the Court allow discovery regarding conditional certification, "with a schedule for remainder [of discovery] of the case developed after the issue of conditional certification is resolved" (Doc. 43, pp. 1-2, Ex. A).  Defendant's evident 180-degree change of position appears a bit disingenuous, therefore, the argument is not well-taken.  The Court shall

42). Defendant clarifies that all of its Loan Originators are classified as either a Level I, II, III or IV, based on years of industry experience. Thus, a Loan Originator IV (the highest of the four levels) would be expected to already have a decent client base and should be able to generate more annual production volumes than a lower-level Loan Originator. Defendant further argues that the job duties amongst these 5,500 Loan Originators are "materially different (*Id.* at 2). Although Defendant admits that the job descriptions for all Loan Originators, including "basic mission," "nature and scope" and "principle accountabilities" are the same, it asserts that the job descriptions do not provide a complete "description of day-to-day functions performed by Loan Originators" (*Id.* at 4). Rather, Defendant explains that some lesser experienced Loan Originators will apply more time and energy towards business development efforts, including cold calling or contacting already-generated leads, whereas the more experienced Loan Originators typically "have extensive community contacts that refer business to them" (*Id.* at 5).

       Additionally, Defendant states that the experienced Loan Originators are allowed to engage in a more extensive analysis of the potential clients' financial information in order to recommend the loan product to best meet the clients' needs. A lesser experienced Loan Originator does not usually analyze this information, but inputs the data into the computer program and allows the client to select from the available qualifying mortgages (*Id.* at 5-7). Also, the more experienced Loan

---

apply the more lenient standard used by the *ad hoc* 2-step approach.

Originators commonly are aware of competing products offered by other lenders. Lastly, some of the more experienced, higher-level Loan Originators are "risk-based approved" or "decision-certified" in that they have underwriting authority to approve certain loan products (*Id*. at 7-8). For these reasons, Defendant argues "substantial similarity" of the 5,500 listed Loan Originators cannot be shown.

Viewing the parties' arguments, the Court believes that although Defendant makes valid points regarding the varied privileges and practices Loan Originators may enjoy according to their experience in the mortgage financing industry, these do not detract from a Loan Originator's overall mission, which is to ultimately generate annual production volume of a certain monetary amount. Thus, it may behoove some Loan Originators to cold call former clients to discuss the possibility of refinancing their current mortgage while for others, investing the time to become certified to approve certain loan applications proves more advantageous. However, the Court does not for one minute believe that if a Loan Originator IV, with a considerable client base, was unable to continue generating business through his or her referral sources, Defendant would not expect this Loan Originator to focus more attention on marketing and business development, including possibly making cold calls, in order to continue to meet a certain level of productivity. Therefore, it appears that even though a Loan Originator's day-to-day activities may vary according to experience and existing client base, the bottom line remains the same: to generate sales. This is not unlike many other professions, where the more years of experience one attains, the more he or she is able to better advise potential clients, is allowed

more independent discretion and gains more knowledge about a competitor's products and the overall lending industry.[4]

In sum, applying the first step of the *ad hoc* 2-step process, which is a lenient standard requiring Plaintiff make a "modest factual showing," the Court finds Plaintiff has adequately demonstrated the 5,500 listed Loan Originators are "similarly situated," for purposes of conditional certification for receiving notice of this collective action.

## B. Notice to Potential Plaintiffs

Next, the Court must determine whether Plaintiff's proposed notice is appropriate. Plaintiff has attached the proposed notice to the class of potential plaintiffs as Exhibit N (Doc. 31, p. 6, Ex. N). Plaintiff states that this proposed notice conforms with sample notices recommended by the Federal Judicial Center. Aside from the fact it does not believe the class should be certified, Defendant objects to the proposed notice because it states that putative class members may contact Plaintiff's counsel with questions. Defendant requests, as these putative class members are not yet in an attorney-client relationship with Plaintiff's counsel unless they choose to opt-in, that they be given the option to contact Defendant's counsel for information concerning the suit. Claiming Defendant's request is absurd, Plaintiff objects to allowing putative class members the option of contacting Defendant's

---

[4] For instance, a junior first-year associate attorney likely has little discretion in advising clients or analyzing information without approval of a supervising attorney. Likewise, the more years that attorney practices, the more discretion and autonomy that attorney is allowed. The attorney will also, over the years, attain a better understanding of the quality of services and representation competing firms offer.

counsel for information because of an obvious and inherent conflict of interest.

The Court agrees with Plaintiff's rationale. It would not make sense for a potential putative class member to seek information from Defendant's counsel. Reviewing the proposed notice submitted by Plaintiff the Court finds that certain revisions are necessary to reflect the following: (1) the fact that attorney Teresa A. Woody is no longer serving as representative counsel for Plaintiff (*see* May 31, 2007 Order (Doc. 57) granting Plaintiff's Motion to Withdraw as Attorney (Doc. 55)); and (2) that the Court has only *conditionally* certified the putative class, which remains subject to decertification if Defendant should file such motion and prevail. Therefore, the notice must contain the following revisions:

1. Globally, all reference to attorney Teresa Woody must be deleted from the Notice.

2. Page 1, second bulleted paragraph should use the phrase "conditionally certified" in place of the term "allowed", so as to read, "The Court has conditionally certified[5] the lawsuit to proceed as a collective action . . . ."

3. Page 1, 1st paragraph, 2nd sentence under heading "1. Why did I get this notice?", the phrase "conditionally certified," should be used in place of the term "allowed" so as to read, "This notice explains that the Court has conditionally certified a collective action lawsuit that may affect you."

4. Globally, all reference to the case number of this matter should be changed to "05-cv-891-DRH" rather than "05-891-DRH."

5. Page 2, 2nd sentence under heading "6. Has the Court decided who is right?" the word "conditionally" should be added so as to

---

[5] The use of underlining should not be literally copied in the notice; underlining certain words and phrases is only used to indicate the required revisions.

        read, "By <u>conditionally</u> establishing the Class and issuing the Notice, the Court is not suggesting that the Plaintiffs will win or lose the case."

6. Page 2, 1st sentence under the heading "8. Can I join this lawsuit?" the phrase "potentially" should be added so as to read, "By receiving this notice, you have been identified as <u>potentially</u> eligible to join this lawsuit." The phrase "potentially" should also be added to the second sentence under this section, so as to read, "If you did not receive overtime compensation for hours worked beyond 40 hours in any given workweek you are <u>potentially</u> eligible to join this lawsuit."

7. Page 2, 1st sentence under the heading "9. I'm sill not sure if I am included," the following language should be added to middle of the sentence so as to read, "If you are still not sure whether you are included, you can get free help by calling or writing the lawyers in this case <u>who are representing the named Plaintiff</u>, at the phone number or address listed below." A second sentence must also be added in this section: <u>"Otherwise, you may seek legal advice from an attorney of your choice at your own expense."</u>

8. Page 3, 1st sentence under heading "10. What happens if I join the lawsuit?", the following language should be added to the middle of the sentence so as to read, "If you choose to join this lawsuit <u>and are ultimately determined by the Court to be a class member</u>, you will be bound by any ruling, settlement or judgment, whether favorable or unfavorable."

9. Page 4, 1st sentence under heading "14. Should I get my own lawyer?" the following language should be added at the beginning of the sentence so as to read, "<u>If you choose to opt-in to the lawsuit by promptly returning a signed Consent to Join form,</u> you do not need to hire your own lawyer because Plaintiff's Counsel will be working on your behalf."

10. Consent to Join form: Plaintiff must make all global changes in notice as well as this form as previously indicated by the Court. The second sentence of the form shall also be revised to read as follows: "I understand that this lawsuit seeks unpaid overtime compensation that may be owed to me and that by <u>agreeing to join this lawsuit I will become a plaintiff (my class membership</u>

<u>pending upon ultimate determination by the Court during later proceedings</u>).

### IV. <u>CONCLUSION</u>

In sum, the Court hereby **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Conditional Collective Action Certification and Court Authorized Notice (Doc. 31). Pursuant to **29 U.S.C. § 216(b)** and by applying the *ad hoc* 2-step approach, the Court hereby **GRANTS** Plaintiff's request for conditional certification. The conditional certification of this collective action shall encompass a class as follows:

> All current and former retail Loan Originators employed by National City or any of its related entities within the previous three years. Specifically excluded from the class are: (1) wholesale loan originators; and (2) "inside" loan originators employed in call centers who were properly characterized as "nonexempt."

This conditional certification shall be nonetheless subject to decertification, if the class members are not determined to be "similarly situated" to Plaintiff at a later stage in the proceedings.

The Court further **DENIES** authorization at this time, Plaintiff's proposed Notice. Authorization will be given upon such time when the Court is convinced that its required revisions have been made by Plaintiff. Plaintiff shall revise the Notice as previously indicated by the Court in this Order and then file the revised proposed Notice attached to a Motion for Court to Authorize Revised Notice.

Until the Court has approved this revised notice, it may not be sent out to potential putative class members. Plaintiff shall file such Motion with the Court by **Thursday, June 28, 2007**.

      **IT IS SO ORDERED**.

Signed this 21st day of June, 2007.

/s/      David   RHerndon
**United States District Judge**
