# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DERRICK PERRY, individually and on**
**behalf of other similarly situated persons,**

    **Plaintiff,**

**v.**

**NATIONAL CITY BANK, et al.**

    **Defendants.**                                    **Case No. 05-cv-891-DRH**


## ORDER

**HERNDON, Chief Judge:**

Before the Court is a Joint Motion for Approval of FLSA Collective Action Settlement and Plaintiffs' Unopposed Application for Attorneys' Fees and Service Payments and supporting memorandum (Docs. 76 & 77), both filed under seal. The Parties state that they have reached a Settlement Agreement of this certified Fair Labor Standards Act ("FLSA") collective action, which requires judicial approval to be effective.[1] While the Court finds the underlying substance of the proposed Settlement Agreement to be acceptable, it is prevented from granting the Parties' Motion, as explained herein.

First, the Court takes issue with the fact that both the Motion and

---

[1] By Court Order, this matter was stayed until December 21, 2007, so that the Parties could participate in mediation of Plaintiffs' claims and subsequently draft a proposed settlement agreement, which is now before the Court.

supporting memorandum were filed under seal without first seeking the Court's permission (given that there was no Protective Order in effect and that these are not generally sealed documents). There is a common law right of public access to judicial records. *U.S. v. Corbitt*, **879 F.2d 224, 228 (7th Cir. 1989) (citing *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589 (1978))**. When documents are filed under seal, the Court must balance the rights of the public against the filing party's reason for sealing the documents. *Id.* The party seeking to maintain the documents under seal bears the burden to show specific reasons as to why allowing public access would be harmful. *In re Cendant Corp.*, **260 F.3d 183, 194 (3d Cir. 2001)**. Generally, in the Seventh Circuit, such documents of the judicial record should be "open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Labs.*, **297 F.3d 544, 545 (7th Cir. 2002)**.

In this instance, the Parties have not argued how they would be specifically injured or harmed by allowing public access to the Parties' Motion and supporting memorandum, including the proposed Settlement Agreement and Release of Claims (Doc. 76, Ex. 1), the proposed Order approving the Settlement, the proposed Notice of Settlement, proposed Opt-In Form and Release Agreement, proposed Consent to Join form and proposed Final Judgment and Dismissal, nor have they shown how such specific harm would outweigh the public's common law right to access the judicial record. Given the nature of the FLSA suit and considering

that this action involves many unnamed plaintiffs who will have a chance to opt-in or opt-out of the settlement if it is approved, the Court finds it important for the settlement to be made accessible to the public, along with the Motion and memorandum (Docs. 76 & 77).  At this juncture, the Court sees no valid reason as to why these documents should be sealed.  In other words, the Parties have not met their burden to show why confidentiality should be maintained.

The Court further notes that the proposed Settlement Agreement and Release of Claims, in its "Confidentiality" provision, states the following:

> Notwithstanding the foregoing, the Settlement Agreement may be filed publicly if necessary to obtain Court approval of the settlement or if otherwise required by process of law.

(Doc. 76, Ex. 1 - Settlement Agreement, p. 14, ¶ 14).

Such language is indicative of the Parties' contemplation that the Court may not find good cause to restrict public access to these documents, which accurately describes the situation here.  These documents are more properly filed unsealed.

Secondly, the Parties seek to have the Court retain continuing and exclusive jurisdiction over those individuals who qualify as parties under the Settlement Agreement in order to administrate and enforce the Agreement, with any dispute, challenge, question or the like relating to the Agreement to be heard only by this Court (*see* Doc. 76, Ex. 1 - Settlement Agreement, p. 15, ¶ 15).  However, in accordance with the Seventh Circuit, "a district court does not have jurisdiction to enforce a settlement agreement merely because the agreement was the premise of the court's dismissal of the suit that the agreement settled.  And therefore . . . a district

judge cannot dismiss a suit with prejudice, thus terminating federal jurisdiction, yet at the same time retain jurisdiction to enforce the parties' settlement that led to the dismissal with prejudice." ***Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2002) (the exception being when injunctive relief is granted) (internal citations omitted)**. Due to Seventh Circuit precedent, the Court cannot approve this provision of the Settlement Agreement, which calls for the Court to maintain exclusive jurisdiction over the Settlement Agreement. Further, the Court notes that the Settlement Agreement states the following:

> The parties agree that this settlement is contingent upon the approval of the Settlement Agreement in its entirety, and should the Court not approve this Settlement Agreement in its entirety, the terms of this Settlement Agreement will be null and void. In such event, the parties agree to continue to negotiate in good faith over an alternative settlement.

(Doc. 76, Ex. 1 - Settlement Agreement, p. 6, ¶ 3).

Due to this language, the Court cannot approve the remainder of the Settlement Agreement, even though it believes that aside from the two issues addressed herein, the remaining content of the proposed Settlement Agreement, Notice and accompanying forms submitted by the Parties will meet the Court's approval. However, it cannot currently make such a finding under the requisite standard at this juncture of the proceedings. Therefore, it must **DENY** the Parties' Joint Motion for Approval of FLSA Collective Action Settlement and Plaintiffs' Unopposed Application for Attorneys' Fees and Service Payments (Doc. 76). The Court thereby instructs the Parties to file their Motion for Approval and supporting memorandum,

unsealed, with language in the Settlement Agreement that does not require this Court to retain exclusive jurisdiction, unless in doing so the intent of the parties is so changed as to eliminate the bargain agreed upon. In other words, as the Settlement Agreement indicates, the Parties should in good faith continue to negotiate over an alternative settlement.

In accordance with this Order, the Parties shall either re-file their Motion for Approval or else file a Status Memorandum stating that they no longer wish to settle this matter, by Friday, February 29, 2008.

**IT IS SO ORDERED**.

Signed this 14th day of February, 2008.

/s/      David R Herndon
**Chief Judge**
**United States District Court**